IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAL B. PARKERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-MC-101-L |
| | § | |
| ORIX FINANCIAL SERVICES, INC., ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Defendants have filed a motion for protective order in connection with the depositions of two high-ranking executives, Yoshihiko Miyauchi and Yoshiaki Ishida, and their attorney, Gary Fowler, in an age discrimination and retaliation case brought by Hal B. Parkerson, the former Vice-President and General Counsel of ORIX Financial Services, Inc. Although the underlying case is pending in the United States District Court for the Northern District of Georgia,[1] defendants seek relief in the Northern District of Texas because plaintiff has asked for the depositions in Dallas.

Fed. R. Civ. P. 26(c) allows a court in the district where a deposition is being taken to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Such power is needed when the deposition is being taken far from the court where the action is pending. However, "[t]he court in the district where the deposition is to be taken may, and frequently will, remit the deponent or party to the court where the action is pending." *See* FED. R. CIV. P. 26(c), Adv. Comm. Notes (1970). After reviewing the motion and the arguments contained therein, the court determines that the instant discovery dispute

---

[1] *Parkerson v. ORIX Financial Services, Inc., et al.*, No. 1:04-cv-03399-JTC-JFK.

should be decided by the presiding judge in the underlying litigation. The Georgia court is more familiar with the issues involved and is in a better position to determine whether Miyauchi, Ishida, and Fowler have knowledge of non-privileged, material facts that cannot be discovered from any other source. *See Central States, Southeast and Southwest Areas Pension Fund v. Quickie Transport Co.*, 174 F.R.D. 50, 51 (E.D. Pa. 1997) (citing cases). Moreover, the depositions of these witnesses have not yet begun. Although plaintiff has expressed a desire to take these depositions in Dallas, it is not clear whether his attorney even has served deposition notices.

For these reasons, defendants' motion for protective order is transferred to the United States District Court for the Northern District of Georgia.

SO ORDERED.

DATED: August 31, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE